IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON

**ANDRE JAVION PORTEE,**

      Plaintiff,

v.                                                              Case No. 2:15-cv-13928

**UNITED STATES DEPARTMENT OF
AGRICULTURE, OFFICE OF THE ASSISTANT
SECRETARY FOR CIVIL RIGHTS, and
THOMAS J. VILSACK,**

      Defendants.

## AMENDED PROPOSED FINDINGS AND RECOMMENDATION[1]

This matter is assigned to the Honorable Thomas E. Johnston, United States District Judge, and it is referred to the undersigned United States Magistrate Judge for submission of proposed findings and a recommendation for disposition, pursuant to 28 U.S.C. § 636(b)(1)(B). Pending before the court is the plaintiff's Motion for Entry of Default Judgment and Motion for Relief Demanded in Said Complaint (ECF No. 5).

For the reasons stated herein, it is respectfully **RECOMMENDED** that the presiding District Judge **DENY** the plaintiff's Motion for Entry of Default Judgment and Motion for Relief Demanded in Said Complaint (ECF No. 5). By separate Order, the undersigned has scheduled a status conference to address the initial screening of the "Complaint" document, the plaintiff's Application to Proceed Without Prepayment of

---

[1] This Proposed Findings and Recommendation supersedes the Proposed Findings and Recommendation entered on July 13, 2016, which is hereby **WITHDRAWN**. The objection period described at the conclusion of this document shall run from the date of entry of this Amended Proposed Findings and Recommendation.

Fees and Costs (ECF No. 1), proper service of process, and any additional proceedings in this matter.

## PROCEDURAL HISTORY

On October 13, 2015, the plaintiff filed a civil action which is quite difficult to discern. The "Complaint" document is styled as a "Notice of Appeal" from a Final Agency Decision of the United States Department of Agriculture ("USDA") via its Office of the Assistant Secretary for Civil Rights and/or Thomas J. Vilsack, who appears to be an employee of the Office of the Assistant Secretary for Civil Rights.[2] The Final Agency Decision being challenged appears to concern the plaintiff's allegations of various forms of discrimination against him by the USDA's Natural Resource Conservation Service ("NRCS") in its processing of his application for participation in the "Donloup Creek Watershed Buyout Project."[3] However, the collection of documents filed by the plaintiff does not include a complete copy of the Final Agency Decision. The "Complaint" documents also appear to be asserting violations of various sections of Title 42 of the United States Code.

Pursuant to 28 U.S.C. § 1915(e)(2)(B), because the plaintiff is seeking to proceed without prepayment of fees and costs, the court is obliged to screen the case to determine if the complaint is frivolous, malicious, fails to state a claim upon which relief may be

---

[2] For ease of reference, the undersigned will refer to the collection of documents filed with the "Notice of Appeal" as the plaintiff's "Complaint." (ECF No. 2).

[3] The undersigned believes that the "Donloup Creek Watershed Buyout Project" (hereinafter "Buyout Project") is a voluntary buyout program funded through the NRCS's Watershed Protection and Flood Prevention Program in which property owners within the 100-year floodplain of Donloup Creek in Fayette County, West Virginia, could sell their property and relocate outside the floodplain. The purchased properties are placed into public ownership either with the Fayette County Commission or the City of Mount Hope.
*See* www.nrcs.usda.gov/wps/portal/ncrs/detail/wv/newsroom/releases/?cid=STELPRDB1

granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). This screening is generally conducted prior to ruling on the Application to Proceed Without Prepayment of Fees and Costs (also known as an Application to Proceed *in forma pauperis*) and before service of process. When *in forma pauperis* status is granted, service of process is performed on the plaintiff's behalf by officers of the court.

However, on December 17, 2015, prior to the court's initial screening of this matter, the plaintiff filed the instant "Motion for Entry of Default Judgment and Motion for Relief Demanded in Said Complaint" (ECF No. 5), claiming that the defendants had failed to timely respond and defend against the allegations in his Complaint. According to the plaintiff's motion, the plaintiff, acting *pro se*, attempted to serve summonses and the "Complaint" upon the defendants by certified mail on October 9, 2015. (ECF No. 5, Exs. A-D). However, as explained herein, that method of service was not sufficient under Rule 4(i) of the Federal Rules of Civil Procedure. Accordingly, the defendants are not in default and, thus, default or summary judgment against the defendants is not presently appropriate.

## ANALYSIS

Rule 55(a) of the Federal Rules of Civil Procedure requires that default be entered by the Clerk when "a party against whom a judgment for affirmative relief is sought" has "failed to plead or otherwise defend and that failure is shown by affidavit or otherwise . . . ." Fed. R. Civ. P. 55(a). Furthermore, "Rule [55(b)] of the Federal Rules of Civil Procedure authorizes the entry of a default judgment when a defendant fails 'to plead or

otherwise defend' in accordance with the Rules." *United States v. Moradi*, 673 F.2d 725, 727 (4th Cir. 1982); *see also* Fed. R. Civ. P. 55(b).

According to the docket sheet, when the plaintiff filed his "Complaint" on October 13, 2015, he submitted one summons for the "UNITED STATES DEPARTMENT OF AGRICULTURE, OFFICE OF THE ASSISTANT SECRETARY FOR CIVIL RIGHTS AND OR THOMAS J. VILSACK." (ECF No. 3). However, as noted above, because the plaintiff is proceeding *pro se* and seeks to proceed *in forma pauperis*, this case is subject to the initial screening requirements of 28 U.S.C. § 1915(e)(2)(B) and, thus, the Clerk has not been ordered by the court to issue the summons. Therefore, no valid summons has been issued.

Nevertheless, according to receipts submitted with the plaintiff's Motion for Entry of Default Judgment and Motion for Relief Demanded in Said Complaint (ECF No. 5), it appears that the plaintiff attempted to mail two certified mail packages from the United States Post Office in Beckley, West Virginia to Charleston, West Virginia and Washington, DC on October 9, 2015 (before his "Complaint" was even docketed). (*Id.*, Ex. A). The plaintiff's motion and the attached exhibits further indicate that the certified mail package mailed to Washington, DC was addressed to "USDA Civil Rights and Thomas J. Vilsack" (*Id.*, Ex. B) and that the package was signed for by a "Harry Powell" on October 16, 2015. (*Id.*, Ex. C). Nothing in the plaintiff's motion or exhibits, however, indicates that the plaintiff attempted to make service on the Attorney General of the United States or the United States Attorney for the Southern District of West Virginia, as required by Rule 4(i) of the Federal Rules of Civil Procedure.

4

Although it is not entirely clear what documentation the plaintiff attempted to serve on the defendants, it is clear that: (1) no valid summons has been issued by the Clerk; and (2) the plaintiff has not demonstrated compliance with all of the provisions for service under Rule 4(i); therefore, the defendants have not been properly served with process. Accordingly, because the defendants were not properly served with process, the time period in which they were required to respond to the "Complaint" never began to run. Moreover, if pauper status is granted to the plaintiff and service of process is ordered herein, such service will be undertaken on the plaintiff's behalf by an officer of the court.

The plaintiffs' Motion for Entry of Default Judgment and Motion for Relief Demanded in Said Complaint (ECF No. 5) was filed prior to proper service of process on the defendants. The defendants have no obligation to "plead or otherwise defend" against the plaintiff's Complaint until they are properly served with process. Accordingly, the undersigned proposes that the presiding District Judge **FIND** that the plaintiff's motion is unwarranted and he is not presently entitled to entry of default, a default judgment, or for any summary award of the relief demanded in the Complaint.

## RECOMMENDATION

For the reasons stated herein, it is respectfully **RECOMMENDED** that the presiding District Judge **DENY** the plaintiff's Motion for Entry of Default Judgment and Motion for Relief Demanded in Said Complaint (ECF No. 5).

The plaintiff is notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable Thomas E. Johnston, United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(d) and 72(b), Federal Rules of Civil Procedure, the

plaintiff shall have fourteen days (filing of objections) and three days (mailing) from the date of filing this Proposed Findings and Recommendation within which to file with the Clerk of this Court, specific written objections, identifying the portions of the Proposed Findings and Recommendation to which objection is made, and the basis of such objection. Extension of this time period may be granted by the presiding District Judge for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984). Copies of such objections shall be provided to Judge Johnston.

The Clerk is directed to file this Proposed Findings and Recommendation and to mail a copy of the same to the plaintiff.

July 14, 2016

Dwane L. Tinsley
United States Magistrate Judge