IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON

ANDRE JAVION PORTEE,

    Plaintiff,

v.                                                      Case No. 2:15-cv-13928

UNITED STATES DEPARTMENT OF
AGRICULTURE, OFFICE OF THE ASSISTANT
SECRETARY FOR CIVIL RIGHTS, and
THOMAS J. VILSACK,

    Defendants.

## PROPOSED FINDINGS AND RECOMMENDATION

This matter is assigned to the Honorable Thomas E. Johnston, United States District Judge, and it is referred to the undersigned United States Magistrate Judge for submission of proposed findings and a recommendation for disposition, pursuant to 28 U.S.C. § 636(b)(1)(B). Pending before the court is the plaintiff's Motion for Entry of Default Judgment (ECF No. 19).

## PROCEDURAL HISTORY

The court conducted a status conference in this matter on August 10, 2016. Following the status conference, the undersigned ordered service of process upon the defendants in accordance with Rule 4(i) of the Federal Rules of Civil Procedure. (ECF No. 11). On August 11, 2016, summonses were issued and served by certified mail upon the United States Department of Agriculture ("USDA") and its Secretary Thomas Vilsack, the Attorney General of the United States and the United States Attorney for the Southern District of West Virginia. According to the returns of service and the docket sheet, the

United States Attorney was served on August 12, 2016, and, thus, an Answer to the "Complaint" was due on October 11, 2016. (ECF Nos. 14-16). In fact, the defendants filed an Answer on October 11, 2016, and a service copy was mailed to the plaintiff that same date.

However, the plaintiff, being overly anxious, filed the instant Motion for Entry of Default Judgment (ECF No. 19) on October 11, 2016, stating that no timely Answer had been filed. On October 24, 2016, the defendants filed a Response in Opposition to the plaintiff's Motion for Entry of Default Judgment. (ECF No. 21). The defendants' Response contends that the plaintiff erroneously asserted that the summons was served on the United States Attorney on August 11, 2016, not August 12, 2016. The defendants further assert that, even if the summons had been served on the United States Attorney on August 11, 2016, the last day of the 60-day response period would have been October 10, 2016, which was a federal holiday (Columbus Day); thus, the defendants' Answer was not due until October 12, 2016, the next business day. *See* Fed. R. Civ. P. 6(a)(1)(C). Accordingly, the defendants contend that the Answer was timely filed, that they are not in default and that a default judgment against them is not appropriate.

## **ANALYSIS**

Rule 55(a) of the Federal Rules of Civil Procedure requires that default be entered by the Clerk when "a party against whom a judgment for affirmative relief is sought" has "failed to plead or otherwise defend and that failure is shown by affidavit or otherwise . . . ." Fed. R. Civ. P. 55(a). Furthermore, "Rule [55(b)] of the Federal Rules of Civil Procedure authorizes the entry of a default judgment when a defendant fails 'to plead or

otherwise defend' in accordance with the Rules." *United States v. Moradi*, 673 F.2d 725, 727 (4th Cir. 1982); *see also* Fed. R. Civ. P. 55(b).

The plaintiffs' Motion for Entry of Default Judgment (ECF No. 19) was filed on October 11, 2016, the same date as the defendant's timely Answer. Accordingly, the undersigned proposes that the presiding District Judge **FIND** that the plaintiff's motion is unwarranted and he is not presently entitled to entry of default, a default judgment, or for any summary award of the relief demanded in the Complaint.

## **RECOMMENDATION**

For the reasons stated herein, it is respectfully **RECOMMENDED** that the presiding District Judge **DENY** the plaintiff's Motion for Entry of Default Judgment (ECF No. 19).

The parties are notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable Thomas E. Johnston, United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(d) and 72(b), Federal Rules of Civil Procedure, the parties shall have fourteen days (filing of objections) and three days (mailing) from the date of filing this Proposed Findings and Recommendation within which to file with the Clerk of this Court, specific written objections, identifying the portions of the Proposed Findings and Recommendation to which objection is made, and the basis of such objection. Extension of this time period may be granted by the presiding District Judge for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of

Appeals.  *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).  Copies of such objections shall be provided to the opposing party and Judge Johnston.

    The Clerk is directed to file this Proposed Findings and Recommendation, mail a copy of the same to the plaintiff and transmit a copy to counsel of record.

April 24, 2017

Dwane L. Tinsley
United States Magistrate Judge