```
          UNITED STATES DISTRICT COURT
        SOUTHERN DISTRICT OF WEST VIRGINIA
                   AT CHARLESTON
```

ANDRE JAVION PORTEE,

    Plaintiff,

v.                                Civil Action No. 2:15-cv-13928

UNITED STATES DEPARTMENT OF
AGRICULTURE, OFFICE OF THE
ASSISTANT SECRETARY FOR CIVIL
RIGHTS, and SONNY PERDUE,

    Defendants.

## MEMORANDUM OPINION AND ORDER

Pending are two motions for summary judgment. First is the motion of plaintiff Andre Javion Portee, filed January 5, 2018. Second is the motion of defendants United States Department of Agriculture, Office of the Assistant Secretary for Civil Rights, and Secretary of Agriculture Sonny Perdue,[1] filed February 6, 2018.

This action was previously referred to Dwane L. Tinsley, United States Magistrate Judge, for proposed findings of fact and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B) and the standing order in this district.

---

[1] Pursuant to Federal Rule of Civil Procedure 25(d), Perdue was automatically substituted for Thomas J. Vilsack upon Perdue's confirmation as Secretary of Agriculture on April 25, 2017.

On July 24, 2018, the magistrate judge submitted his Proposed Findings and Recommendation ("PF&R"), wherein he recommends

> that the [court] deny the plaintiff's Motion for Summary Judgment, grant the defendants' Motion for Summary Judgment, and dismiss this matter from the docket of the court.

PF&R 20 (emphases and citations omitted). Portee objected to the PF&R on August 7, 2018. The defendants did not respond, and the matter is now ripe for disposition.

Portee lodges only one objection to the PF&R. He argues that the magistrate judge failed to consider Exhibit 13 to the complaint, which is a February 7, 2013, letter from Louis E. Aspey, II, Acting State Conservationist, to Congressman Nick J. Rahall, II. According to Portee, the letter "is the most important document in the case" and is dispositive in his favor. (Portee Obj.) Portee contends that the letter "ordered" that his real property be classified as "rental," not "vacant," under a government-sponsored buyout program and that he was therefore entitled to an additional $30 thousand payment. (Id.) Portee also suggests that the final agency decisionmaker failed to consider the letter, or perhaps that the letter was missing from the record. (Id.)

The magistrate judge's PF&R clearly shows that he considered the letter. The magistrate notes that the letter "appears several times in the Administrative Record." (PF&R 15

2

(citing Administrative Record 69, 128, and 185).) He also notes Portee's argument that the letter was an order to reclassify Portee's property. (Id.)

The gravamen of Portee's argument is that the letter is so dispositive in his favor that the only explanation for the decisions against him is that the letter was not considered. Portee's position is belied by two critical points. First, as the magistrate judge addressed, the letter appears in the administrative record of this case many times.

And second, the letter simply does not say what Portee claims. The letter states as follows, in relevant part:

> In order to be consistent in our administration of the [buyout program], <u>it is necessary to drop Mr. Portee's property from 167 on the rental property list to 179 on the vacant property list</u>. While not guaranteed, it is estimated the project will have sufficient funding to make an offer a little later in the project. It should also be noted [that] the incentive offer will be on rental property and <u>not offered</u> on classified vacant property.

(ECF #2 Attach. 1 (emphases added); see also Portee Obj.) Indeed, the letter states the opposite of what Portee claims. It establishes that Portee's real property should have been classified as vacant, and it further states that the $30 thousand incentive offer is "not offered on classified vacant property." Portee's objection is thus without merit. The court

3

otherwise seeing no error in the PF&R, the magistrate judge's recommendation is correct.

Accordingly, based upon the foregoing, it is ORDERED that:

1. The PF&R be, and hereby is, adopted and incorporated herein;

2. Portee's motion for summary judgment be, and hereby is, denied;

3. The defendants' motion for summary judgment be, and hereby is, granted; and

4. This action be, and hereby is, dismissed and stricken from the docket of the court.

The Clerk is directed to transmit copies of this memorandum opinion and order to all counsel of record and to any unrepresented parties.

ENTER: August 31, 2018

John T. Copenhaver, Jr.
United States District Judge